IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTONIO FLEMMING,

    **Plaintiff,**

v.                                                                                    CASE NO. 21-3087-SAC

CORECIVIC,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action. Plaintiff is detained at CoreCivic Leavenworth Detention Center in Leavenworth, Kansas ("CoreCivic"). Plaintiff filed this case in the United States District Court for the Western District of Missouri and the case was transferred to this Court on March 22, 2021.

Plaintiff alleges in his Complaint that he fell out of his bunk on February 26, 2021, and staff came to check on him and then left. Staff came back 60 seconds later and took Plaintiff to get medical attention, including x-rays. Plaintiff also attaches an "Incident Statement" regarding a strip search by the "Texas Core Civic Sort Team" where Plaintiff received a "salatious look and a lewd remark" from one of the Sort Team members.

Plaintiff names CoreCivic as the sole defendant in this case. As noted by Plaintiff in his Complaint, this case is the last in a long list of cases he has filed against CoreCivic and its employees. *See, e.g., Flemming v. Baker*, Case No. 20-3097-SAC; *Flemming v. Baker*, Case No. 20-3098-SAC; *Flemming v. Baker*, Case No. 20-3127-SAC; *Flemming v. CoreCivic*, Case No. 20-3321-SAC; *Flemming v. CoreCivic*, Case No. 21-3018-SAC; *Flemming v. CoreCivic*, Case No. 21-3019-SAC; *Flemming v. CoreCivic*, Case No. 21-3020-SAC.

1

The Court has found on multiple occasions that Plaintiff does not have a cause of action against CoreCivic in federal court.  The Court has found in Plaintiff's prior cases that Plaintiff provides no factual claim or support for a claim that Defendants acted under color of state law. *See McKeighan v. Corr. Corp. of Am.*, No. 08-3173-SAC, 2008 WL 3822892, at *3 (D. Kan. 2008) (finding CCA not a "person" amenable to suit under § 1983, and CCA employees not acting under color of state law).   Therefore, Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983.

The Court has also found that the United States Supreme Court has found that a *Bivens* remedy is not available to a prisoner seeking damages from the employees of a private prison for violation of the prisoner's Eighth Amendment rights.  *Minneci v. Pollard*, 565 U.S. 118, 120–21 (2012) (refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63, 71–73 (2001) (holding that *Bivens* action does not lie against a private corporation operating a halfway house under contract with the Bureau of Prisons).  Plaintiff's remedy against CoreCivic and its employees, if any, is an action in state court for negligence or other misconduct. *See Harris v. Corr. Corp. of Am. Leavenworth Det. Ctr.*, No. 16-3068-SAC-DJW, 2016 WL 6164208, at *3 (stating that plaintiff has remedies for injunctive relief in state court and citing *Peoples*, 422 F.3d at 1104–05 (individual CCA defendants owed a duty to protect to plaintiff that if breached, would impose negligence liability); *Lindsey*, 557 F. Supp. 2d at 1225 (Kansas law generally provides an inmate with a remedy against CCA employees for negligence and for actions amounting to violations of federal constitutional rights.); *see also Menteer v. Applebee*, 2008 WL 2649504, at *8–9 (D. Kan. June 27, 2008) (plaintiff's state law negligence claim found to be equally effective, alternative cause of action to *Bivens* claim).

Plaintiff continues to sue CoreCivic in federal court despite the rulings in his prior cases. "[R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (quotation marks omitted) (first alteration in original) (affirming district court's dismissal of suit where "duplicative of earlier action").

The Court finds that this action must be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated March 23, 2021, in Topeka, Kansas.**

> <u>S/ Sam A. Crow</u>
> **SAM A. CROW**
> **SENIOR U. S. DISTRICT JUDGE**